

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN

ATTORNEY GENERAL

AUSTIN 11, TEXAS

Hon. E.R. Wright, Superintendent
State School for the Deaf
Travis County
Austin, Texas

Dear Sir:

Opinion No. O-2564
Re: Whether a person who received a course
of nursing training at the State Hos-
pital at Sanitorium is a graduate nurse
within the meaning of the appropriation
bill.

We have your letter of July 22, 1940, which reads as
follows:

"In the appropriation bill for Eleemosynary
Institutions, the bill provides for two graduate
nurses. The law further sets forth provision for a
State Board of Nurses Examiners. There is a group of
hospitals which are affiliated with this Board for the
purpose of traini n g nurses. The State Hospital at
Sanitorium is not affiliated with this organization
but proposes to train nurses.

"Could a party who has qualified by graduat-
ing from this hospital at Sanitorium, Texas be consid-
ered a graduate nurse as the term is applied in the
appropriation bill?"

We believe that the phrase, "graduate nurse as used in the
appropriation bill for Eleemosynary Institutions", was used in the same
sense as in Article 4518 and 4518a of the Revised Civil Statutes of
Texas which read as follows:

"Art. 4518.QUALIFICATIONS OF NURSES' TRAINING
SCHOOLS AND APPLICANTS

All special hospitals approved by the Board of
Nurse Examiners, and general hospitals, which are equipped
with not less than twenty-five (25) beds, and which have
a daily annual average of not less than fifteen (15) patients,
and which teach the course of study prescribed by the Board
of Nurse Examiners of the State of Texas, are hereby con-
stituted duly qualified and accredited nursing schools. A
general hospital, as the term is here used, is a public or
private institution where men, women and children are

treated for all kinds of diseases, bodily injury, or physical deformity by means of both medical and surgical treatment, and which maintains an organized staff of physicians and surgeons licensed to practice medicine in the state of Texas.

"Art. 4518a. CERTIFICATION OF GRADUATES; EXAMINATION BY STATE BOARD OF NURSE EXAMINERS

No person shall be certified as a graduate of any such nursing school unless such person has had three (3) full years of work and study in such school under a registered nurse, two (2) years of which must be continuous in the school of nursing from which she has graduated, or two (2) continuous years in a special hospital and one (1) continuous full year in a general hospital. And such graduate upon presenting such certificate to the State Board of Nurse Examiners shall upon the payment of required fees be entitled to take the examinations prescribed by the State Board; and upon making the passing grades prescribed by the Board, shall be entitled to receive from said Board a certificate certifying that such person is a graduate nurse and entitled to practice as a registered nurse in the State of Texas."

These statutes as construed in our opinions No. 0-882 and Supplemental Opinion No. 0-882A, copies of which are enclosed herewith, require that a person must have at least one year's training in a general hospital in order to be entitled to be certified as a registered graduate nurse.

You state that the State Hospital at Sanitorium is not affiliated with the State Board of Nurse Examiners. A person receiving his entire training at this hospital is therefore not eligible to be certified as a registered graduate nurse under Articles 4518 and 4518a, Revised Civil Statutes, 1925.

It is our opinion, therefore, that a party who has graduated from a course in nursing given at the State Hospital at Sanitorium, Texas, may not be considered as a graduate nurse as that term is used in the appropriation bill.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By s/Walter R. Koch
   Walter R. Koch
   Assistant

WRK:ob:wc

APPROVED AUG 9, 1940
s/ Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

Approved Opinion Committee by s/BWB Chairman